**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICK NEGRETTE, <br><br> Appellant, <br><br> v. <br><br> PHU V. PHAM; UNITED STATES TRUSTEE, <br><br> Appellees. | No. 24-1053 <br><br> D.C. No. 5:23-cv-01732-RGK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 15, 2025[**]

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Rick Negrette appeals pro se from the district court's judgment affirming the

bankruptcy court order imposing fines and damages under 11 U.S.C. § 110.  We

have jurisdiction under 28 U.S.C. § 158(d)(1).  We review de novo a district

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's decision on appeal from a bankruptcy court and apply the same standards of review applied by the district court. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court properly found that Negrette was a bankruptcy petition preparer ("BPP") within the meaning of 11 U.S.C. § 110(a)(1) and that he had failed to comply with § 110's disclosure requirements and practice prohibitions for BPPs. *See* 11 U.S.C. §§ 110(a)(1), (2) (defining a BPP as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation" a "petition or any other document prepared for filing by a debtor in a United States bankruptcy court . . . in connection with a case under this title"); 110(b)(1) (requiring BPPs to sign and print their name and address on documents for filing); 110(c)(1), (c)(2)(A) (requiring BPPs to provide their Social Security account number on documents for filing); 110(f) (prohibiting BPPs from using the word "legal" in advertisements); 110(g) (prohibiting BPPs from collecting or receiving payment from the debtor for court fees in connection with filing a bankruptcy petition); *Frankfort Digit. Servs. v. Kistler* (*In re Reynoso*), 477 F.3d 1117, 1120 (9th Cir. 2007) (setting forth standard of review).

The bankruptcy court did not abuse its discretion in imposing the maximum

24-1053

penalty allowed under 11 U.S.C. § 110(l) for Negrette's violations of § 110's disclosure requirements and practice prohibitions. *See* 11 U.S.C. §§ 110(l)(1) (providing that a BPP "who fails to comply with any provision of [11 U.S.C. § 110] subsection (b), (c), . . . (f) [or] (g) . . . may be fined not more than $500 for each such failure"); 110(l)(2)(D) (providing that "[t]he court shall triple the amount of a fine assessed under [11 U.S.C. § 110(l)(1)] in any case in which the court finds that a bankruptcy petition preparer . . . prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer"); *Frankfort Digit. Servs., Ltd. v. Neary* (*In re Reynoso*), 315 B.R. 544, 550 (B.A.P. 9th Cir. 2004), *aff'd,* 477 F.3d 1117 (9th Cir. 2007) (setting forth standard of review).

**AFFIRMED.**